UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIELLE GUMINSKI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASSAC MEMORIAL, LLC, *d/b/a* )<br>Massac Memorial Hospital, )<br>)<br>Defendant. ) | Case No.: 14-849 JPG/SCW |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Danielle Guminski:

- **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. Complaint alleges residence but not citizenship of plaintiff Danielle Guminski.

- **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must

be traced through however many layers of partners or members there may be." Meyerson v. Harrah's E. Chi. Casino, 299 F.3d 616, 617 (7th Cir. 2002).  Complaint alleges principal place of business for Massac Memorial, LLC but does not plead the citizenship of each of the LLC's members.

The Court hereby **ORDERS** that Danielle Guminski, shall have up to and including August 13, 2014 to amend the faulty pleading to correct the jurisdictional defects.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff Danielle Guminski is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 1, 2014**

                                            *s/J. Phil Gilbert*
                                            **U.S. DISTRICT JUDGE**