IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIELLE GUMINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00849-JPG-SCW |
| ) | |
| MASSAC COUNTY HOSPITAL ) | |
| DISTRICT, d/b/a MASSAC ) | |
| MEMORIAL HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Massac County Hospital District, d/b/a Massac Memorial Hospital's Motion to Dismiss Plaintiff's Complaint (Doc. 12). Plaintiff filed a Response (Doc. 14) and Defendant filed a Reply (Doc. 15). Although replies are not favored, Defendant states that circumstances specific to the Whistleblower Act claim require additional analysis of case law and the Court will accept and consider Defendant's Reply brief.

1. **Background.**

Plaintiff is a registered nurse who worked for the Defendant from August 2009 until her termination in or about January 2014. According to the Complaint, Plaintiff observed her supervisor mistreat a new employee and falsify patient charts by intentionally documenting "made up" vital signs after the patients had been discharge. Plaintiff reported both the mistreatment and the falsified reports to the Director of Nursing in early July 2013.

Thereafter, Plaintiff claims Defendant harassed and retaliated against her until such time as her employment was terminated.

2. **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all

allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

The Complaint in this matter contains one count of common-law wrongful termination and one count of violation of the Illinois Whistleblower Act (740 ILCS 174/1).

3. **Analysis.**

The Court will first address Count II, Violation of the Illinois Whistleblower Act. 740 ILCS 174/20 provides that, "An employer may not retaliate against an employee for *refusing to participate* in an activity that would result in a violation of a State or federal law, rule, or regulation…" (*emphasis added*). As such, there must be an offer or engagement of an activity in violation of a State or federal law, rule, or regulation in which the plaintiff has refused to participate in order to sustain a claim under 740 ILCS 174/20. *See generally*, *Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668 (7th Cir. 2008).

In the Complaint, the Factual Background states that the plaintiff and three other nurses noticed that their supervisor had falsified documentation. It further states that, "Ms. Guminski

had asked her supervisor on numerous occasions … if she needed any help.  The supervisor, however, refused any help, saying only that she knew what she was doing." (Complaint, paragraph 14).   The nurses, including the plaintiff, reported the violations and were directed to write up the incident and they "immediately wrote reports."  (Complaint, paragraphs 17 & 18).  There is no indication within the Complaint that the Plaintiff, at any point, was asked to participate in creating the falsified records.  The facts actually reflect that the Plaintiff offered her assistance and was refused.  As such, the plaintiff has failed to plead any factual content that would allow the court to draw the reasonable inference of her refusal to participate in an activity that would result in a violation of a State or federal law, rule, or regulation.

    The Illinois Whistleblower Act 740 ILCS 174/15 also provides that:

    (a)  An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceedings, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation.

    (b)  An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation."

    "These courts have interpreted this statute to provide that an individual qualifies as a whistleblower only if he or she reports allegedly unlawful activity to some governmental authority or agency."  *Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F.Supp.2d 1051, 1054 (N.D.Ill. 2007)   "While the Act prevents retaliation against an employee who disclosed information to a government or law enforcement agency, it does not protect an employee who disclosed information to her own company."  *Smith v. Madison Mutual Insurance Co.*, 2005 WL

1460301 (S.D.Ill. 2005).

The Complaint indicates that the Plaintiff reported the misconduct to the director of nursing. (Complaint, paragraph 17). There is no indication that she reported the violation outside of her own company or disclosed the information to a government or law enforcement agency or offered information in court, an administrative hearing, or before a legislative commission or committee, or in any other proceedings. As such, a claim under 740 ILCS 174/15 cannot be sustained as plead.

However, with regard to Count I, if an employee notifies a supervisor within her own company – as opposed to a government agency – and is terminated, then a common law claim of retaliatory discharge arises. *See generally*, *Baker v. Atlantic Pacific Lines,* 2013 WL 4401382 (N.D. Ill. 2013) and *Callahan v. Edgewater Care & Rehabilitation Ctr, Inc.*, 374 Ill.App. 3d 630.

"The tort of retaliatory discharge comprises three distinct elements: first, an employee must establish that she has been discharged; second, she must demonstrate that her discharge was in retaliation of her activities; and, finally, she must show that the discharge violates a clear mandate of public policy." *Belline v. K-Mart Corp.*, 940 F.2d 184,186 (7th Cir. 1991).

"The great majority of courts interpreting Illinois law hold that an employee who reports unlawful conduct to an employer is protected under the tort of retaliatory discharge. … Thus, public policy, as well as state law, favors an approach that would allow dutiful employees who report wrongdoing to their employers to bring retaliatory discharge claims." *Id*, at 187.

The defendant argues that Plaintiff's Complaint fails to make a causal connection between the discharge and the alleged wrongful conduct, and as a result, fails to make a prima facie case of retaliatory discharge in violation of a mandated public policy. (Doc. 13, page 7). However, the Court disagrees. The Plaintiff is only required to describe the claim in sufficient

detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and that plausibly suggest that the plaintiff has a right to relief above a speculative level.

In this matter, accepting as true all allegations in the complaint, Plaintiff has plead that she was discharged; that her discharge was in retaliation of her activities in reporting the misconduct of a supervisor; and, that the discharge violates a public policy regarding patient care.  The Court does not rule on the merits of the claims in determining a Rule 12(b)(6) motion to dismiss, only that the defendant has fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Based on the above, Defendant Massac County Hospital District, d/b/a Massac Memorial Hospital's Motion to Dismiss Plaintiff's Complaint (Doc. 12) is **GRANTED** in part and **DENIED** in part.  Count I of the Complaint is determined to be sufficiently plead to withstand the Motion to Dismiss under Rule 12(b)(6) and Court II of the Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:**  1/27/2015

                                        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**